# IN THE COURT OF APPEALS OF IOWA

No. 18-1663
Filed August 7, 2019

**GREGORY R. SWECKER and BEVERLY F. SWECKER,**
    Plaintiffs-Appellants,

**vs.**

**MIDLAND POWER COOPERATIVE,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Greene County, Kurt J. Stoebe, Judge.

Gregory and Beverly Swecker appeal the dismissal of their petition to vacate a judgment. **AFFIRMED.**

Gregory R. Swecker and Beverly F. Swecker, Dana, pro se appellants.

Gregory R. Brown of Duncan, Green, Brown & Langeness, P.C., Des Moines, for appellee.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Presiding Judge.**

Gregory Swecker and Beverly Swecker sued Midland Power Cooperative forwarding breach-of-contract and tort claims. Midland filed a counterclaim for alleged unpaid electrical services. In time, Midland moved for summary judgment on the Sweckers' claims and its counterclaim. The district court's ruling on the motion recapped multiple state and federal court and administrative agency proceedings by the Sweckers against Midland since 2001. The court addressed all the issues raised by the Sweckers in the pending action and issued a fifty-page ruling granting Midland's motion, dismissing the Sweckers' claims, and granting summary judgment to Midland on its counterclaim.

The Sweckers' subsequent appeal was dismissed by the supreme court as untimely. After procedendo issued, the Sweckers filed motions with the district court, which were denied. They then filed a petition to vacate summary judgment and request for new trial alleging a "fraud upon the court." *See* Iowa R. Civ. P. 1.1012(2). Midland moved to dismiss the petition. In a written ruling, the district court denied the petition to vacate. The Sweckers appeal that ruling.

The Sweckers' brief focuses on their initial claims and clearly attempts to direct us to their view of the merits of their lawsuit. Our duty is not to reconsider the motion for summary judgment, which is a final judgment. We review a ruling on a petition to vacate judgment for an abuse of discretion, our most deferential standard of review. *See In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997); *Embassy Tower Care, Inc. v. Tweedy*, 516 N.W.2d 831, 833 (Iowa 1994); *see also State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). "We will reverse a court's discretionary ruling only when the court rests its ruling on grounds that are

clearly unreasonable or untenable." *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 110 (Iowa 2011). The district court carefully considered all the issues raised by the Sweckers in their petition, including the fraud claim. The court issued a seven-page ruling addressing all the issues raised by the Sweckers, setting forth the salient facts and applicable law. The court carefully and succinctly addressed the alleged fraud claim. It explained that long before the court considered the summary judgment motion, the Sweckers had known or should have known of the facts which they now assert is evidence of fraud. In other words, they had ample opportunity to raise that claim before the court ruled on the motion for summary judgment. The district court's analysis and conclusions are reasonable and are supported by the record. Its ruling is not unreasonable or untenable. Therefore, we find no abuse of discretion and affirm dismissal of the petition to vacate.

**AFFIRMED.**